# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND EDWARD CHESTNUT, | : CIVIL ACTION NO. 3:CV-16-0636 |
| Petitioner | : (Judge Nealon) |
| v. | : |
| DAVID J. EBBERT, | : |
| Respondent | : |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. §2241, filed by Petitioner Raymond Edward Chestnut ("Chestnut"), a federal inmate incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING §2254 CASES R.4,[1] and, for the reasons set forth below, the petition will be transferred to the United States District Court for the District of South Carolina.

## I.   Background

---

[1] Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. GOVERNING §2254 CASES R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R.1(b)

Chestnut alleges that on May 16, 2007, he was convicted of conspiracy to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §841(a)(1), (b)(1)A); 846 and possessing, using and carrying firearms in relation to drug trafficking, in violation of 18 U.S.C. §924(c)(1)(A)(i). He states that his "enhanced sentence pursuant to 21 U.S.C. §851(a)(1) is unlawful in absence of qualifying predicate prior felony drug conviction" and that "at sentencing the District Court's finding that Petitioner met the 21 U.S.C. §851(a)(1) criteria was based on 'prior precedent law' that has now changed and requires the enhanced sentence to be vacated and petitioner re-sentenced because a prior drug conviction for mere possession of crack cocaine does not fall within the approach of felony drug conviction." (Doc. 1, petition).

Chestnut filed the instant petition, seeking to have his sentence vacated and be re-sentenced based on the United States Supreme Court's recent holding in Welch v. United States, ---- U.S. ----, 2016 WL 1551144 (2016), in which the Supreme Court found that its recent decision in Johnson v. United States, — U.S. —, 135 S.Ct. 2551(2015) announced a substantive rule that applied retroactively on collateral review. Id.

2

## II. Discussion

"The federal habeas corpus statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]. 28 U.S.C. §2242, see also §2243. . . .'[T]hese provisions contemplate a proceeding against some person who has the **immediate** custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Rumsfeld v. Padilla, 124 S.Ct. 2711, 2717-18 (2004)(emphasis in original)(citations omitted). There is no question that this Court has jurisdiction over Chestnut's petition. However, notwithstanding the issue of jurisdiction, a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. §1404(a); See also, Braden v. 30th Judicial Circuit of Kentucky, 410 U.S. 484 (1973). Because habeas proceedings are generally considered civil in nature, see Hinton v. Braunskill, 481 U.S. 770, 776 (1987), the term "civil action" includes habeas petitions. Parrott v. Government of Virgin Islands, 230 F.3d 615, 620 (3d Cir. 2000).

In this case, the prerequisites for a transfer of this matter to the United States District Court for South Carolina pursuant to 28 U.S.C. §1404 are fully satisfied. At

3

the outset, it is apparent that the District of South Carolina is another district where this claim might have been brought through a motion under 28 U.S.C. §2241. Indeed, the District of South Carolina is the most appropriate venue for this particular challenge to Chestnut's sentence.

It is also evident that the second prerequisite for a transfer order is present here: A transfer of this action to the District of South Carolina would serve: "the convenience of parties and witnesses, [and] the interest of justice." 28 U.S.C. §1404(a). As has been previously noted when transferring other petitions to the sentencing district:

> Because the District Court ... sentenced the petitioner, the events material to the case took place in that district. In addition, the court in that district has access to the evidence that led the court to make its sentencing ...determination and can best access any witnesses necessary to investigate the case. The interests of judicial efficiency and economy would best be served by transferring the case to the [sentencing court].

Gardner v. Williamson, supra, 2008 WL 1752229, at *4. Thus, transferring this case to the United States District Court for the District of South Carolina would be in the best interests of judicial economy and efficiency. An appropriate order will issue.

Dated: April 19, 2016                    /s/ William J. Nealon
                                         **United States District Judge**